James A. Fitzgerald, Esq. Town Attorney, Stony Point
You request our opinion whether a town councilman in the Town of Stony Point in the County of Rockland, a non-charter county, may hold the office of town councilman and the office of county legislator simultaneously.
The County Law provides:
"§ 411. Holding more than one elective office
 "No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor." (Emphasis supplied.)
Chapters 834 and 835 of the Laws of 1969 amended Municipal Home Rule Law § 10 by adding a new clause to its subd 1 par (ii) subpar a, designated as clause 13, which provides, in pertinent part:
 "(ii) every local government * * * shall have power to adopt and amend.local laws * * * relating to the following subjects * * *: "a. A county, city, town or village:
* * *
 "(13) The apportionment of its legislative body, and only in connection with such action taken pursuant to this subparagraph, the composition and membership of such body, the terms of office of members thereof, the units of local government or other areas from which representatives are to be chosen and the voting powers of individual members of such legislative body. The power granted by this subparagraph shall be in addition to and not in substitution for any other power and the provisions of this subparagraph shall apply only to local governments which adopt a plan of apportionment thereunder.
* * *
 "(b) A plan of apportionment adopted by a county under this subparagraph may provide that mayors of cities or villages, supervisors of towns or members of the legislative bodies of cities, towns, or villages, who reside in the county shall be eligible to be elected as members of the county legislative body." (Emphasis supplied.)
Rockland County has never reapportioned itself by local law. The board of supervisors passed Resolution No. 311 of the year 1969 setting forth a plan of representation through multi-member districts and submitted the plan to the Court for approval. The Court, with some modifications, approved the plan and the judgment entered in the case imposed the plan upon the county. The plan was not adopted by local law and was not a legislative act; a judicial decree created the present form of county legislative representation.
Rockland County Local Law No. 4 for the year 1971 was passed only for the purpose of allowing elected county officers to be, at the same time, elected officers of another municipality within the county. It provides:
 "Section 1. All elected and appointed officials of the county of Rockland shall possess the qualification established by the general laws of the state of New York.
 "§ 2. Notwithstanding the provision of any local law, resolution or other act of the former board of supervisors, or of the legislature of Rockland county, an elected county official may, at the same time, hold any other elective town or village office, unless the holding of such other elective town or village office is prohibited by the general laws of the state of New York, and except that a town supervisor may hold only the elective county office of member of the legislature of Rockland county."
In our opinion, Rockland County Local Law No. 4 for the year 1971 could not and did not purport to amend or supersede County Law § 411
because it was not adopted by the county under the authority of the portion of the Municipal Home Rule Law quoted above and consequently it never became effective. Thus, no town councilman in a town in Rockland County simultaneously may hold the county office of county legislator and will not be able to do so unless the State Legislature amends County Law § 411 or the county makes the change as part of a reapportionment local law. (We do not address the question whether a charter county may supersede section 411.)